RENDERED: APRIL 22, 2022; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky
# Court of Appeals

NO. 2020-CA-0627-WC

GREGG ROBERTS                                                    APPELLANT


                    PETITION FOR REVIEW OF A DECISION
v.              OF THE WORKERS' COMPENSATION BOARD
                       ACTION NO. WC-17-55817


COMMONWEALTH DODGE;
DANIEL CAMERON, ATTORNEY
GENERAL; HONORABLE
JONATHAN WEATHERBY,
ADMINISTRATIVE LAW JUDGE;
AND WORKERS' COMPENSATION
BOARD                                                            APPELLEES


                              OPINION
                             AFFIRMING

                          ** ** ** ** **

BEFORE: COMBS, LAMBERT, AND K. THOMPSON, JUDGES.

LAMBERT, JUDGE: Gregg Roberts has petitioned this Court for review of the

April 10, 2020, opinion of the Workers' Compensation Board (the Board)

affirming the May 28, 2019, opinion and award of the Administrative Law Judge

(ALJ). The ALJ directed that Roberts' award of permanent, partial disability (PPD) benefits would terminate pursuant to the 2018 version of Kentucky Revised Statutes (KRS) 342.730(4). We affirm.

Roberts, who has a date of birth of January 16, 1955, began working as an auto parts driver for Commonwealth Dodge in August 2015. Roberts sustained an injury to his abdominal area during the course of his employment on October 3, 2017, when he was lifting a part, which caused him to develop a hernia. He filed an application for resolution of his injury claim on October 19, 2018. Contested issues after the benefit review conference included the duration of benefits pursuant to KRS 342.730.

The ALJ entered an opinion and award on May 28, 2019, finding that Roberts had a 9% impairment due to his work injury and awarded him PPD benefits along with a three-multiplier pursuant to KRS 342.730(1)(c)1. because he was no longer able to return to the same type of work. The benefits were to "terminate pursuant to KRS 342.730(4)." The ALJ did not address the constitutionality issue that had been raised as he lacked the authority to do so. On Roberts' petition for reconsideration, the ALJ entered an amended award and order on June 18, 2019. This order provided that Roberts would receive PPD benefits for 425 weeks but that "[a]ll benefits shall terminate pursuant to KRS 342.730(4) as amended by House Bill 2 effective July 14, 2018."

Roberts appealed the ALJ's decisions to the Board, naming the Attorney General as a respondent. On Roberts' motion, the Board placed the appeal in abeyance pending a final decision by the Supreme Court of Kentucky in *Holcim v. Swinford*, 581 S.W.3d 37 (Ky. 2019). The matter was later removed from abeyance, and the parties filed supplemental briefs. On April 10, 2020, the Board affirmed the ALJ's decision, holding that Roberts had failed to properly preserve his constitutional argument at the benefits review conference as this was not specifically listed as a contested issue and that the Attorney General was not provided with the required notice prior to the entry of the ALJ's decision pursuant to KRS 418.075. Even if the issue had been preserved, the Board stated it would have affirmed the ALJ's decision based upon the holding in *Holcim*, in which the Supreme Court held that the 2018 version of KRS 342.730(4) had retroactive application. This petition for review now follows.[1]

On appeal, Roberts argues that the ALJ erred in finding that his PPD award was subject to the current version of KRS 342.730(4) by applying it retroactively as doing so violated the Contracts Clause of the United States and Kentucky Constitutions and constituted an exercise of arbitrary power. In addition, he argued that the ALJ erred in finding he had not preserved his arguments. Both

---

[1] The petition was held in abeyance to permit the Supreme Court of Kentucky to reach a final decision in *Adams v. Excel Mining, LLC*, 2020-SC-0137-WC, which was decided together with *Dowell v. Matthews Contracting*, 627 S.W.3d 890 (Ky. 2021).

Commonwealth Dodge and the Attorney General argue that the ALJ properly applied the current version of KRS 342.730(4) to Roberts' award based upon the relevant caselaw.

This Court's standard of review in workers' compensation appeals is well-settled in the Commonwealth. "The function of further review of the [Board] in the Court of Appeals is to correct the Board only where [the] Court perceives the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice." *Western Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687-88 (Ky. 1992).

While this petition was pending, the Supreme Court rendered two opinions addressing the current version of KRS 342.730(4): *Cates v. Kroger*, 627 S.W.3d 864 (Ky. 2021), and *Dowell v. Matthews Contracting*, 627 S.W.3d 890 (Ky. 2021). As stated in the Attorney General's response, the Supreme Court has now upheld the constitutionality of the current version of this statute as well as its retroactive application, as set forth below.

In *Cates*, the Supreme Court set forth the legislative and legal history of the amendments to KRS 342.730(4) to provide a context to its analysis:

> Before we undertake our analysis, we review for context two of our recent holdings addressing the General Assembly's efforts to establish an outer limit on the receipt of workers' compensation income benefits. In *Parker v. Webster County Coal, LLC* [*(Dotiki Mine)*, 529 S.W.3d 759 (Ky. 2017),] a majority of this Court

invalidated the 1996 version of KRS 342.730(4). That statute read:

> All income benefits payable pursuant to this chapter shall terminate as of the date upon which the employee qualifies for normal old-age Social Security retirement benefits under the United States Social Security Act, 42 U.S.C. secs. 301 to 1397f, or two (2) years after the employee's injury or last exposure, whichever last occurs.

The majority in *Parker* found the statute unconstitutional for two reasons: (1) the statute created an arbitrary classification because the benefit cut-off date was dependent upon when the recipient received old-age social security benefits and (2) the statute was special legislation because it favored those who would not receive old-age social security benefits and disfavored those who would receive such benefits. Importantly, even though *Parker* invalidated the 1996 version of the statute, it reaffirmed this Court's prior precedent in which we consistently held that treating older injured workers differently from younger injured workers is rationally related to the legitimate government interests in preventing a duplication of benefits and saving money for the workers' compensation system. We said in *Parker*,

> The rational bases for treating younger and older workers differently is (1) it prevents duplication of benefits; and (2) it results in savings for the workers compensation system. Undoubtedly both of these are rational bases for treating those who, based on their age, have qualified for normal Social Security retirement benefits differently from those who, based on their age, have yet to do so.

-5-

[*Parker*, 529 S.W.3d at 768.]

Shortly after our holding in *Parker*, the General Assembly in 2018 enacted a new version of KRS 342.730(4) to read:

All income benefits payable pursuant to this chapter shall terminate as of the date upon which the employee reaches the age of seventy (70), or four (4) years after the employee's injury or last exposure, whichever last occurs. In like manner all income benefits payable pursuant to this chapter to spouses and dependents shall terminate as of the date upon which the employee would have reached age seventy (70) or four (4) years after the employee's date of injury or date of last exposure, whichever last occurs.

This change purported to rectify the shortcomings of the 1996 version as identified in *Parker* by untethering the cessation of a claimant's workers' compensation income benefits from the receipt of old-age social security retirement benefits, a benefit that *Parker* identified as not available to Kentucky's retired teachers. The new statute now limits the duration of benefits by linking cessation for all income beneficiaries to the later of two events (1) reaching age 70, or (2) four years after injury or last injurious exposure.

In *Holcim v. Swinford* we addressed retroactive application of the 2018 amendment. While not explicitly stated in the statute as codified, we found a clear legislative intent that the amendment apply retroactively to all claims where (1) the injury occurred after December 1997 and (2) has not been fully and finally adjudicated through the appellate process, or for which time to file an appeal has not lapsed, as of the effective date of the Act, July 14, 2018. We declined to address

the constitutionality of its effect, or the constitutionality of the amendment's text because those issued were not argued until after the Court of Appeals had rendered its opinion. The cases at hand now present the issue remaining after *Holcim*, which is the constitutionality of the amendment and its retroactive application.

*Cates*, 627 S.W.3d at 868-70 (footnotes omitted).

The *Cates* Court first held that the 2018 amendment to KRS 342.730(4) did not violate the Equal Protection Clause under either the 14th Amendment to the United States Constitution or §§ 1, 2, and 3 of the Kentucky Constitution:

> [W]e find the 2018 amendment classifies recipients based only on age, entirely unrelated to their old-age social-security eligibility. This age classification prevents a duplication of benefits, which we have found, to be a legitimate state interest and applies to all those receiving workers' compensation equally. So the current version of KRS 342.730(4) is not violative of the Equal Protection Clause because the age classification is rationally related to a legitimate state purpose.

*Cates*, 627 S.W.3d at 871. The Court then held that the retroactive application of the 2018 amendment to KRS 342.730(4) did not create an arbitrary class of litigants:

> We find here no arbitrary exercise of legislative authority in the retroactive application of the amendment. After *Parker*, the General Assembly acted swiftly to amend the statute to fill the statutory gap with constitutional norms. The legislature "may amend the law and make the change applicable to pending cases, even when the amendment is outcome determinative."

-7-

> Because the 1996 version had been invalidated and a new version enacted, the General Assembly was left to decide if pending claims would be governed by the 1994 version of the statute – a statute that had not been in effect for over 20 years – or to allow for current claims to be decided under the new amendment. The legislative body apparently chose the latter, and that choice was its prerogative.

*Id*. at 871-72 (footnotes omitted).

In *Dowell*, the Supreme Court addressed whether the 2018 amendment to KRS 342.730(4) violated the federal and state Contracts Clause.

> Adams and Dowell both argue that applying the current version of KRS 342.730(4) to their claims violates the Contracts Clause of both the United States and Kentucky Constitution. Article 1, Section 10, Clause [1] of the United States Constitution reads:
>
> > No State shall enter into any Treaty, Alliance, or Confederation; grant Letters of Marque and Reprisal; coin Money; emit Bills of Credit; make any Thing but gold and silver Coin a Tender in Payment of Debts; pass any Bill of Attainder, ex post facto Law, or Law impairing the Obligation of Contracts, or grant any Title of Nobility.
>
> Similarly, Section 19 of the Kentucky Constitutions provides, "No ex post facto law, nor any law impairing the obligation of contracts, shall be enacted."

*Dowell*, 627 S.W.3d at 894. However, the Supreme Court did not perform a Contracts Clause analysis in this case "because the Workers' Compensation Act (WCA) does not constitute a contract between Kentucky workers and their

employers or the state. Instead, the WCA is a statutory scheme that may be

amended as the General Assembly chooses, provided it fits within our

constitutional framework." *Id*. at 894-95.

> The workers' compensation system is controlled
> by the state and is governed by legislative enactments. It
> is not a contract on between employers and their
> employees. Changes to the relevant statutes, therefore,
> do not create a Contracts Clause issue. While changes to
> statutes may result in other constitutional issues, such as
> a violation of due process or constitute special
> legislation, a Contracts Clause issue is impossible in this
> matter because there is simply no contract or contractual
> right for the statutory amendment to impair.

*Id*. at 896.

The Supreme Court then addressed the retroactivity issue in the

context of a claimant's right to a certain duration or amount of benefits received.

> Dowell and Adams argue that applying the new
> version of KRS 342.730(4) is unconstitutional because
> they have a vested right to the benefits assigned to them
> by the ALJ and Workers' Compensation Board. We
> have also briefly addressed this argument in a companion
> opinion, also rendered today, *Cates v. Kroger*. We will
> address it here to clarify that litigants like Adams and
> Dowell do not have a vested right to certain benefits.
> While they have a vested right to some benefits by
> statute, they do not have a vested right to "certain"
> benefits until their claim for benefits has been determined
> by final order.

> A benefits-recipient's right to compensation
> becomes fixed and vests on the date of the injury. The
> right to receive benefits is a substantive issue and the
> injury date is controlling under substantive law. We have

long held "that where a suit has been instituted under a statute giving a cause of action and a right to maintain such action, and once the action has been prosecuted to final judgment, and the rights of the parties fixed, such rights then become vested in the judgment, and thereafter a legislature can pass no law which impairs the validity of the vested right thus obtained." So, Dowell and Adams have a vested, substantive right to litigate their benefits, a right that cannot be taken away by statutes that have since come into existence since filing their claim. But in contrast, their right to a certain duration or amount of benefits has not vested and will not do so until they receive a final decision of their claims. So, the 2018 amendment to KRS 342.730(4) "[does] not create new or take away vested rights" of plaintiffs like Adams and Dowell, and its retroactive application is constitutional.

Because Adams's and Dowell's benefits have not been completely litigated, their potential awards must conform with the changes in the applicable law effective during the litigation process. And in *Holcim* we found that the legislature intended the law to apply to all claims currently pending. So the 2018 amendment applies to Dowell and Adams even though the only issue left to litigate is the effect of the 2018 amendment on the duration of their benefits. While we agree with Adams that the 2018 amendment impairs his benefits award, Adams had no vested right in the outcome of his claim before the ALJ or the Board. As we stated in *Martin v. Warrior Coal, LLC*, [617 S.W.3d 391, 397-98 (Ky. 2021),] the legislature intended for the 2018 amendment of KRS 342.730(4) to apply to all pending appeals, and Adams's appeal was pending when the Court of Appeals ruled. In fact, the case is still not fully litigated.

Likewise, Dowell's benefits claim was decided after we had invalidated the 1996 amendment and the ALJ and the Board resurrected the 1994 version of the statute as applicable to Dowell's claim. By the time Dowell's appeal reached the Court of Appeals, the 2018

amendment had become effective, and we had determined the statute applied retroactively. So Dowell's benefits were not final then and are not now. Because Dowell's award is still being litigated, we find the 2018 amendment to KRS 342.730([4]) controls.

As we stated in *Cates v. Kroger*, "we reiterate our holding in *Holcim* that the legislature intended for the new amendment to apply to all pending appeals with injury dates occurring after December 1996." We are bound by the text of the statute and unless it conflicts with a constitutional provision, we must uphold the laws the legislature has enacted. Neither Adams nor Dowell had a vested right to certain benefits, only a right to some benefits that are to be determined under current law.

*Dowell*, 627 S.W.3d at 897-98 (footnotes omitted).

The above-cited cases constitute binding authority of the Supreme Court of Kentucky, which this Court must follow pursuant to Supreme Court Rule (SCR) 1.030(8)(a) ("The Court of Appeals is bound by and shall follow applicable precedents established in the opinions of the Supreme Court and its predecessor court."). Because Roberts' injury occurred after 1996 and his award of benefits is still being litigated, the 2018 amendment to KRS 342.730(4) controls in this case. Based upon our holding, we need not address the preservation issue.

For the foregoing reasons, the opinion of the Workers' Compensation Board affirming the ALJ's award is affirmed.

ALL CONCUR.

-11-

BRIEF FOR APPELLANT:

Wayne C. Daub
Louisville, Kentucky

BRIEF FOR APPELLEE
COMMONWEALTH DODGE:

Felicia A. Snyder
Lexington, Kentucky

BRIEF FOR APPELLEE DANIEL
CAMERON, ATTORNEY
GENERAL OF KENTUCKY:

Matthew F. Kuhn
Brett R. Nolan
Alexander Y. Magera
Frankfort, Kentucky